SUGG, Justice,
for the Court:
The 20-year-old prosecutrix testified that defendant came to a house trailer where she lived with her mother at approximately 12:15 a. m. on December 19,1977. Prosecu-trix was alone in the house trailer and said *239 that defendant gained admittance by telling her that her mother was in the car and needed assistance to come into the house. She further testified that when she went outside defendant grabbed her by the arm and pushed her into the trailer. After moving to a back bedroom defendant ordered her to undress and when she refused the defendant stepped toward her. She said that the defendant forced her to commit oral sex with him twice and raped her twice. The house trailer was located about 15 feet from the nearest house trailer but prosecutrix did not cry out during the entire interlude. Prosecutrix also testified that while the defendant was raping her he told her that he had spent the night with her mother and every time he had intercourse with her mother that he dreamed of having intercourse with the prosecutrix because she had a beautiful body and he wanted it.
David Harmon, a witness for the state, was a former member of the police department of the City of Aberdeen and accompanied defendant to the prosecutrix’ trailer at the request of defendant. According to Harmon, the defendant entered the trailer, and after Harmon had dozed for a few minutes, he awakened, knocked on the trailer, and was invited to enter the back bedroom. When he entered the back bedroom, defendant turned on the light and the witness observed the defendant standing against the wall with his hands holding the head of the prosecutrix while she was performing oral sex on the defendant.
Harmon testified that the defendant asked him if he wanted to have sex with the prosecutrix, spread her legs so that her private parts were exposed and the witness lay down on the bed with the prosecutrix. He stated that she was crying and did not appear to desire to perform a sexual act with him so he left the room.
The prosecutrix testified that the defendant raped her again after the witness Harmon left. The prosecutrix did not complain to Harmon that the defendant had raped her.
According to the doctor who examined her following the rape, no sperm was found, no bruises were found except a reddening around the vagina which the doctor stated could be attributed to a number of things, including sexual intercourse.
In Monroe v. State, 71 Miss. 196, 13 So. 884 (1893) this Court stated:
[W]e are unwilling to sanction a conviction on evidence which not only fails to satisfy the mind of the guilt of the accused, but rather suggests grave doubt of it. (71 Miss, at 199, 200, 13 So. at 885).
The evidence not only fails to satisfy the mind of the guilt of the accused but suggests grave doubt of it. No bruises or marks of violence were evident except reddening around her vagina. No weapons were used and the evidence does not show that the prosecutrix submitted because of a reasonable apprehension she would suffer injury if she refused.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.