Danny Goss was convicted on a charge of rape in the Circuit Court of Lauderdale County. The jury could not agree on a sentence and he was sentenced thereafter by the trial judge to a term of twenty-five years in the Mississippi Department of Corrections. We affirm.
This case involves the question of the identity of the person who committed the offense. There is no question that the proof shows that the prosecutrix was forcibly ravished as a result of being put in fear *Page 1034 
of immediate bodily harm to herself and to her children, who were asleep in her apartment at the time the incident occurred. The defense is that the defendant is not the person who committed the assault. He undertook to establish an alibi for the time when the incident occurred.
The prosecutrix testified that she knew the defendant; that he came into her apartment without permission and that she saw him at the time that he entered. He put his hand over her eyes and mouth as he entered and shoved her onto the couch. In the course of the assault he covered her face with a shirt, which at one time slipped down permitting her again to see him, and later when he removed his shirt from her face he covered her face with a cushion and instructed her not to move. During all of this time he was threatening her and her children with bodily harm in the event that she made any noise or resisted him.
The prosecutrix specifically identified the defendant as being the person who committed the assault upon her. She described his clothing as being a brown velour shirt, blue jeans and brown zip-up boots. She specifically stated that he zipped up the boots after he had committed the offense. The two detectives who investigated the matter on the day after the assault occurred testified that they interviewed Debbie Switzer, who was Danny Goss' sister and that she told them that on the night in question Danny was wearing a brown velour shirt, blue jeans and zip-up boots. She denied having said so to them but their testimony is positive in this respect. This is the only corroboration of prosecutrix's identification of defendant.
The victim called her friend and her fiance as soon as her assailant left and she was able to lock the door and be assured that he was not any longer in the area. The police were notified by the fiance on his arrival at the apartment. She was examined by a physician within about two hours after the assault occurred and he established the fact that she had motile semen in the vagina. She named the defendant as the person who had committed the assault upon her on the night that it occurred and she identified his picture from a group of pictures that were presented to her by police officers in the early morning hours of that day.
During the course of the trial the defendant undertook to put two witnesses on the stand, both of whom had been in the courtroom for a period of time during certain of the testimony of other witnesses. The rule as to the sequestration of the witnesses had been invoked and the court on the objection of the state refused to permit either of the two proffered witnesses to testify. Their testimony was taken outside the hearing of the jury and is a matter of record.
On appeal the defendant assigns three errors as a basis for the requested reversal of the case. The first is that the court incorrectly instructed the jury as to the weight to be given the uncorroborated testimony of the prosecutrix and how to view such testimony.
As a part of the court's instruction the jury was told: "You are required and expected to use your good common sense and sound, honest judgment in considering and weighing the testimony of each witness who has testified in this case." No objection was made to any portion of the court's instruction which included the above direction to the jury as is required by section 3.09 of the Uniform Circuit Court Rules. Therefore, we will not consider any objection to that instruction on appeal. Mississippi Supreme Court Rule 42; DePriest v. State, 377 So.2d 615 (Miss. 1979).
The defendant correctly states the rule of law which has been repeatedly announced by this Court that the uncorroborated testimony of a prosecutrix in a rape case should be examined closely and scrutinized with caution. See for exampleKillingsworth v. State, 374 So.2d 221 (Miss. 1979). Defendant now says that the court should have told the jury that they should scrutinize the prosecutrix's statement with extreme caution in accordance with that rule. No instruction announcing such a rule was requested by the defendant in the lower court. Assuming for the purpose of *Page 1035 
our consideration here that the testimony of the prosecutrix was without corroboration in any respect it would still have been improper for the court to have instructed the jury in regard to the weight to be given such testimony for the reason that Mississippi Code Annotated section 99-17-35 (1972) prohibits a judge from commenting upon the weight of the evidence and we have held that an instruction which cautions the jury not to give undue weight to the testimony of a particular witness constitutes such a comment. See Stewart v. State, 355 So.2d 94 (Miss. 1978). We therefore hold that the first assignment of error is without merit.
The defendant next complains that the trial judge abused his discretion in refusing to permit the testimony of two witnesses who were present during a portion of the testimony of other witnesses after the rule for sequestration of the witnesses had been invoked. One of the characteristics that the prosecutrix testified identified the assailant was the fact that he lisped. Both of the witnesses whose testimony was not heard by the jury said that the defendant did not and never had lisped. There was other testimony to that effect by several witnesses and, in addition to that, the defendant took the stand himself and the jury could obviously make a determination of its own from his language in response to questions asked whether he had any sort of speech impediment. It appears, therefore, that the testimony of the two witnesses in that respect was merely cumulative.
One of those witnesses whose testimony was not heard by the jury testified to the effect that she was engaged to the defendant at the time of the assault on the prosecutrix and that their relationship was a very close, indeed, an intimate one. The defendant had testified to that effect and others had testified that they had seen the defendant with the witness on occasions. Therefore, it appears that this testimony, too, was cumulative.
Rule 5.09 of the Uniform Criminal Rules of Circuit Court Practice which provides for the sequestration of witnesses upon the request of either party says, in part:
 Whether a witness may testify when he has remained in the courtroom after the rule [of sequestration] has been invoked is within the discretion of the trial judge.
This is the same rule that was in effect before the adoption of the Uniform Criminal Rules just quoted. In Ford v. State,227 So.2d 454 (Miss. 1969), the Court said:
 The question of whether the court will permit a witness to testify who has violated the rule excluding witnesses is in the court's sound discretion. However, it should be pointed out that the wiser and more just rule to follow is not to exclude the testimony altogether but to admit it with such remarks by the court as may be appropriate. Especially is this true in criminal cases. In the present case we cannot say that the trial court abused its discretion in refusing to allow this witness to testify. The testimony proposed to be given by this witness was cumulative. (227 So.2d at 457).
We think that the trial court in this case would have been well advised to have permitted the testimony of a defendant's fiance with such remarks as the court might find appropriate, but we are not in a position to say that this was such an abuse of discretion on the part of the trial court as justifies a reversal of the case.
The third assignment of error is that the verdict of the jury was against the overwhelming weight of the evidence and was unsupported by the evidence. This assignment of error, in effect, complains that the trial judge erred in overruling the motion for a judgment notwithstanding the verdict or in the alternative for a new trial.
The prosecutrix in this case positively and unequivocally identified the defendant as the person who had committed the assault upon her. She was subjected to a very rigorous and extensive cross-examination by defense counsel and although there were some inconsistencies between statements attributed to her prior to the trial and the testimony at the trial she consistently throughout the whole proceedings maintained *Page 1036 
that it was the defendant who had committed the assault upon her. Her actions were consistent with the actions and reactions of a female who has been raped.
The jury also had the alibi defense of the defendant. His two principal corroborating witnesses being his mother and his sister, who placed him at a point some distance from the prosecutrix's apartment complex at the time that the assault occurred. Another witness placed him at a party some time before the time of the assault.
The jury was fairly and adequately instructed in reference to the law in regard to this case. It saw the witnesses and heard the conflicting testimony elicited from them, and made a determination that the defendant was guilty and the proof justified that verdict. There was no error committed by the trial court in denying the motion for a new trial or for a judgment notwithstanding the verdict.
The case is therefore affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.