460 So.2d 835 (1984)
Danny L. CLEMONS
v.
STATE of Mississippi.
No. 54524.
Supreme Court of Mississippi.
November 28, 1984.
*836 Clayton Taylor Lewis, Philadelphia, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BOWLING and PRATHER, JJ.
PRATHER, Justice, for the Court:
This is an appeal from a criminal conviction in the Circuit Court of Neshoba County, in which a jury found the defendant, Danny L. Clemons, guilty of rape. The court sentenced Clemons to 15 years imprisonment in the Mississippi Department of Corrections, from which conviction Clemons appeals, assigning as error:
(1) That the evidence was legally insufficient to support the appellant's conviction;
(2) That the trial court erred in overruling appellant's motion for a directed verdict; and
(3) That the trial court erred in overruling appellant's request for a peremptory instruction of acquittal.

I.
Janet Stephens, the prosecutrix, is a 31 year old resident of Philadelphia, MS. Mrs. Stephens has been married 11 years, with two children.
Mrs. Stephens testified that on Sunday morning, June 27, 1982, her husband left the house around 5:20 a.m. to go fishing. Mrs. Stephens and her two daughters were asleep. Around 6:00 to 6:30 a.m., Mrs. Stephens, startled by a noise, awoke to find a man standing at the foot of her bed.
Stephens described her assailant as a black male, six feet tall, weighing approximately 155 pounds, around 20 years of age, with a light mustache, dressed in a yellow T-shirt, blue jeans and tennis shoes. Mrs. Stephens identified the appellant in court as her assailant.
According to Mrs. Stephens, the appellant pulled the bedding to the bottom of the *837 bed, then walked to the bedroom door and looked down the hall into the bedrooms where Mrs. Stephens' daughters were sleeping. He then returned to the bedroom, closed the bedroom door, came over to Stephens and told her to do as she was told and she wouldn't be hurt. Efforts by Mrs. Stephens to resist the assailant were met with repeated threats to follow his directions or suffer harm. At trial she expressed fear for the safety of her two children. The intruder commanded Stephens to remove her clothes; when she shook her head, he said "Do as I say. Take your clothes off or I will hurt you." Efforts to resist by her were met by pressure applied to her neck.
Under cross-examination, Mrs. Stephens acknowledged that her assailant did not exhibit a gun or any other weapon and did not threaten her with death. However, she testified that she was scared and believed that he would kill her and her children. There were no bruises, abrasions, cuts or marks of violence on her body after the incident and her clothes and bed sheets had not been torn.
Upon completion of the act, Mrs. Stephens' attacker dressed and climbed out the window. Before leaving, he asked Mrs. Stephens if she would like him to replace the window screen and she shook her head affirmatively.
Following the attack, Mrs. Stephens showered, woke her daughters and left the house. She went first to the Holy Cross Catholic Church where she vacuumed the alter and talked to the priest. Around 7:20, Mrs. Stephens and her daughters went to her brother-in-law's house, to get him to take her to her husband.
Mrs. Stephens told her husband what happened; they returned home where they remained for approximately one hour and then went to the Philadelphia Police Station around 9:00 a.m. According to Mr. Stephens, he took his wife home for an hour before going to the police station because she was extremely upset and he needed to calm her down.
Fingerprints lifted from the window of the Stephens' home matched the known fingerprints of appellant Clemons.
Larry Turner, a forensic serologist with the Mississippi Crime Lab, testified that appellant Clemons had ABO blood type B, secretor status. According to Turner a vaginal slide examination revealed the presence of acid phosphatase and intact spermatozoa, as well as the presence of ABH substances B and H, which indicated an ABO blood group type B, secretor status. Turner further testified that approximately 7 percent of the population has ABO blood group type B, secretor status. Patricia Warren, a lab technician, testified that Randy Stephens is ABO blood group type O-RH-positive.
Willie Rush, appellant's landlord, testified that he visited with the appellant on Sunday morning, June 27, 1982 from approximately 6:10 or 6:15 until approximately 6:30 or 6:40. No other witnesses appeared on behalf of the appellant.

II.
Was the evidence legally insufficient to support appellant's conviction of rape?
Appellant concedes that the well-settled rule in Mississippi is that in a prosecution for rape, physical force on the part of the assailant, or physical resistance on the part of the victim, is not necessary if the proof shows beyond a reasonable doubt that the victim surrendered because of fear arising out of a reasonable apprehension of great bodily harm. Davis v. State, 406 So.2d 795 (Miss. 1981); Rush v. State, 301 So.2d 297 (Miss. 1974); Fields v. State, 293 So.2d 430 (Miss. 1974). The question raised by appellant's first assignment of error is whether the proof was legally sufficient to show beyond a reasonable doubt that Mrs. Stephens surrendered to the appellant out of a "reasonable apprehension of great bodily harm".
Among the factors which appellant contends undermine any reasonable apprehension on the part of Stephens are the absence of any bruises or marks of violence on her person and the fact that no weapon *838 was exhibited. In McQueen v. State, 423 So.2d 800 (Miss. 1982), this Court reversed a conviction of forcible rape on the grounds that the evidence was legally insufficient to support the verdict. In McQueen, no bruises or marks of violence were present, no weapon was exhibited, and significantly, no evidence of any threats was presented. We held that the evidence was insufficient to show that the prosecutrix was under a reasonable apprehension that she would suffer injury. 423 So.2d at 803. In Bishop v. State, 370 So.2d 238, 239 (Miss. 1979), this Court reversed a rape conviction based on the sufficiency of the evidence where no weapon was exhibited and no bruises left upon the alleged victim except a reddening around the vagina. In Bishop, the only evidence of any threat by the defendant was that he stepped toward the prosecutrix when she refused to undress. 370 So.2d at 239.
In Christian v. State, 456 So.2d 729 (Miss. 1984) this Court affirmed a conviction of rape even though no weapon was used and there was no sign of external injury. Defendant in Christian had threatened to kill his victim several times during the course of the incident. In Davis v. State, 406 So.2d 795 (Miss. 1981), this Court affirmed a conviction of rape where there was no weapon exhibited and no evidence of external bruises. In Davis, the prosecutrix testified that the defendant pushed her to the floor and threatened to harm her if she didn't cooperate. 406 So.2d at 801.
This Court interprets the above decisions to mean that the presence of absence of threats by the defendant is a factor of equal importance with the presence or absence of bruises or the presence or absence of a deadly weapon. Where, as in Bishop and McQueen, the evidence of threats is absent or slight and there is no evidence of physical injury or use of a weapon, doubt may exist as to the reasonableness of the victim's apprehension of great bodily harm. On the other hand, where as in Christian and Davis, there is evidence of explicit threats of harm, the submission of the victim may be said to be the result of "fear arising out of a reasonable apprehension of great bodily harm" even if no weapon was exhibited and no external physical injury established.
In the case sub judice, the testimony of Mrs. Stephens was that the appellant verbally threatened to harm her several times during the incident. In addition, Mrs. Stephens testified that the appellant pried her legs apart, and that the appellant covered her mouth with his hand and placed his right thumb against her neck, applying pressure whenever she struggled (R. 136). The Court concludes that, under this Court's decisions in Christian, supra, and Davis, supra, the evidence in the case sub judice is legally sufficient to support the conclusion of the trier of fact that Mrs. Stephens submitted to her assailant because of fear arising out of a reasonable apprehension of great bodily harm.
Appellant acknowledges that a conviction of rape may be based on the uncorroborated testimony of the victim where that testimony is not discredited or contradicted by other evidence. Otis v. State, 418 So.2d 65 (Miss. 1982). Appellant points out, however, that this Court has repeatedly stated that the uncorroborated testimony of the prosecutrix in a rape case should be examined and scrutinized with caution. Goss v. State, 413 So.2d 1033 (Miss. 1982); Upton v. State, 192 Miss. 339, 6 So.2d 129 (1942); Monroe v. State, 71 Miss. 196, 13 So. 884 (1893).
Appellant points out inconsistencies in Ms. Stephens statements and behavior. While Stephens claimed that upon arrival at the Neshoba County Hospital, she was nervous and crying, Beth Burns, the registered nurse at Neshoba County Hospital, testified that Mrs. Stephens was calm and that she was not crying. Appellant also notes that Stephens admitted under cross-examination that, at the preliminary hearing, she did not mention going to church immediately following the incident.
In Goss v. State, supra, this Court upheld a conviction of rape although there were inconsistencies between statements attributed to the prosecutrix prior to trial *839 and her testimony at trial. This Court held that the jury had the right to disbelieve the alibi defense of the defendant and resolve all conflicts of testimony in favor of the prosecutrix. 413 So.2d at 1036. Significantly, in the case sub judice, the jury was instructed that the uncorroborated testimony of an alleged rape victim must be scrutinized with a high degree of caution. This Court has previously held that such an instruction need not be given. Oates v. State, 437 So.2d 441 (Miss. 1983); Goss v. State, 413 So.2d 1033 (Miss. 1982).

III.
Did the trial court err in overruling appellant's motion for a directed verdict?
Did the trial court err in refusing to grant a peremptory instruction of acquittal?
In judging the sufficiency of the evidence on a request for a peremptory instruction, the trial judge is required to accept as true all of the evidence that is favorable to the State, including reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant. If the evidence judged in this manner is sufficient to convince a rational factfinder of the defendant's guilt beyond a reasonable doubt, the trial judge must deny the requested instruction. Gray v. State, 427 So.2d 1363, 1368 (Miss. 1983).
The test to be applied on request for peremptory instruction is the same that this Court would apply in reviewing a verdict for legal sufficiency. Carroll v. State, 196 So.2d 878 (Miss. 1967). This Court concludes that the evidence was legally sufficient to support the verdict, under the above test, and also concludes that the trial court committed no error in refusing appellant's request for a peremptory instruction.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.