626 So.2d 631 (1993)
Randall JOHNSON a/k/a "Randy"
v.
STATE of Mississippi.
No. 91-KA-0262.
Supreme Court of Mississippi.
November 4, 1993.
John E. Howell, Meridian, for appellant.
Michael C. Moore, Atty. Gen., Pat S. Flynn, Asst. Atty. Gen., Jackson, for appellee.
En Banc.
PRATHER, Presiding Justice, For the Court:

I.
The question presented in today's appeal, raised within the context of a jury instruction granted at the request of the State, is whether the conduct testified to is sufficient proof of "sexual penetration." This Court holds that it is.
Randall Johnson prosecutes this appeal from his convictions of sexual battery and recidivism entered in the Circuit Court of Lauderdale County following a bifurcated trial. By virtue of Miss. Code Ann. § 99-19-83 (Supp. 1993), Johnson was sentenced to serve a term of life imprisonment without the benefit of probation or parole.
Johnson contends (1) the verdict of the jury was against the overwhelming weight of the evidence because the State failed to prove the element of sexual penetration and the court improperly instructed the jury on the law and (2) during the sentencing phase of the trial, the circuit judge exceeded his role as judge and became a prosecutor when, after both sides had rested, he recalled a witness for the purpose of clarifying a portion of that witness' prior testimony dealing *632 with the length of Johnson's previous incarceration.

II. FACTS

Randall Johnson was a thirty-three (33) year old handyman who had been living in Meridian for several months with Mary Smith.[1] Mary was the mother of two children, ten year old Ann and her younger brother. On January 18, 1990, Johnson was left alone with the two children who were asleep in a bedroom. Ann testified that Johnson woke her up and instructed her to go into the living room. Obedient to the defendant's command, Ann walked into the living room where she was told to lie on the couch, pull up her shirt, and pull down her panties.
After licking Ann's breasts, the defendant pulled down her panties and began performing oral sex in and around the victim's vagina. When Ann attempted to scream, the defendant choked her around the neck and locked all the doors. Johnson later went into the bathroom. Upon hearing Ann's mother return, Johnson told Ann to run back into her room and pretend she was asleep. The victim testified she returned to her room, but told her mother what had happened as soon as her mother arrived.
The defendant testified in his own behalf and denied he sexually assaulted the victim. Although conceding his presence with the children inside Mary's apartment that night, Johnson testified: "I never talked to one of them that night or touched one of them that night." The defendant claimed that Mary had gotten Ann to lie about the incident because he had broken off his engagement with Mary after she used crack cocaine.
Dr. Veda Johnson testified she examined Ann for the purpose of evaluating the child for possible sexual molestation. She observed moderate redness of her labia which appeared to be quite irritated. The story told by Ann to Dr. Johnson was essentially the same story Ann related at trial. The victim denied the defendant penetrated her with his penis.

III. ANALYSIS

A. Weight of the Evidence: Sexual Penetration
Miss. Code Ann. § 97-3-95 (Supp. 1993), which defines the offense of sexual battery, states, inter alia, that "[a] person is guilty of sexual battery if he or she engages in sexual penetration with: ... (c) A child under the age of fourteen (14) years."
Miss. Code Ann. § 97-3-97 (Supp. 1993) defines sexual penetration as follows: "Sexual penetration" includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." [emphasis supplied].
Penetration is the very essence of the crime of sexual battery. Thompson v. State, 468 So.2d 852, 853 (Miss. 1985) (citing West v. State, 437 So.2d 1212 (Miss. 1983)). In the case at bar, evidence of sexual penetration was supplied by two sources: the victim and her examining physician. The testimony of Ann, the youthful victim, viewed in harmony with the testimony of Dr. Johnson, the examining physician, provided substantial credible evidence of "sexual penetration" accomplished via the defendant's tongue.
The victim testified the defendant pulled down her panties and licked "in" her private part. When asked specifically to identify the area of her body she was referring to, Ann promptly replied, "inside." In the wake of further questioning, the victim testified the defendant was licking "[t]he middle part of where my private part is" or "[i]n between my private part." She succinctly testified that she "was looking at him, and I felt his tongue when he was licking me there." [emphasis supplied]
Dr. Veda C. Johnson, the examining physician, testified that although there was no evidence of penetration of the victim's vagina by the defendant's penis, "he did suck her vaginal area." When asked about irritation of the victim's vagina, Dr. Johnson testified she observed "moderate redness of her labia, *633 which is the most inner portion of her vagina  well, the most inner portion of the covering of her vagina  and it seemed quite irritated." Finally, Dr. Johnson was asked whether there was penetration if the term "sexual penetration" included "cunnilingus." She replied, "I would think so."
In Jackson v. State, 452 So.2d 438 (Miss. 1984), an appeal from a conviction of rape of a six-year-old girl, the examining physician testified he found a bruise on the left labia and an abrasion in the fold between the major and minor labia. We held that slight penetration to the vulva or labia was sufficient penetration to constitute the offense of rape. Jackson, 452 So.2d at 440. Sexual battery is no different. The testimony supplied by the victim and her doctor was legally sufficient to establish sexual penetration via use of the defendant's tongue.
Our standard of review is quite familiar. In reviewing Johnson's claim that the verdict of the jury is contrary to the weight of the evidence, this Court is duty bound to accept as true all evidence favorable to the State. Van Buren v. State, 498 So.2d 1224, 1229 (Miss. 1986).
Johnson's weight of the evidence complaint necessarily implicates the post-verdict denial of his motion for a new trial where he alleged that "[t]he verdict is decidedly and strongly against the weight of the evidence" and "[t]he verdict is contrary to the law and the weight of the evidence."
"[T]he motion for a new trial is addressed to the sound discretion of the trial court." Burge v. State, 472 So.2d 392, 397 (Miss. 1985). "As to a motion for a new trial, the trial judge should set aside the jury's verdict only when, in the exercise of his sound discretion, he is convinced the verdict is contrary to the substantial weight of the evidence; this Court will not reverse unless convinced the verdict is against the substantial weight of the evidence." Leflore v. State, 535 So.2d 68, 70 (Miss. 1988). See also Thornhill v. State, 561 So.2d 1025, 1030 (Miss. 1989); Rainer v. State, 473 So.2d 172, 173 (Miss. 1985); May v. State, 460 So.2d 778, 781 (1984).

B. Jury Instruction S-4
Instruction S-4, which was objected to on the ground that it was an improper statement of the law, reads as follows:
The Court instructs the Jury that "sexual penetration" as used in these instructions means any penetration of the genital or anal opening of another person's body and insertion of any object into that opening. "Sexual penetration" also includes mouth to vagina contact commonly called cunnilingus. This is oral sexual contact.

According to Johnson, the jury could have been misled into believing that mere mouth to vagina contact was the equivalent of sexual penetration. Stated differently, Johnson contends that S-4 authorized a conviction for sexual battery without a finding of "sexual penetration" as required by our statute.
By virtue of § 97-3-95, a person is guilty of sexual battery if that person engages in "sexual penetration." "Sexual penetration" is defined by § 97-3-97 to include "cunnilingus." See Roberson v. State, 501 So.2d 398, 400 (Miss. 1987). "Cunnilingus" is defined by Black's Law Dictionary as "[a]n act of sex committed with the mouth and the female sexual organ." BLACKS LAW DICTIONARY 380 (6th ed. 1990). State v. Murray, 136 La. 253, 260, 66 So. 963, 965 (1914). In its true sense, "cunnilingus" means stimulation by tongue or lips of any part of a woman's genitalia and does not require actual penetration. State v. Ludlum, 303 N.C. 666, 672, 281 S.E.2d 159, 162 (1981). Under our sexual battery statutes, however, union or contact between a person's mouth and the genital opening of a woman is the equivalent of "sexual penetration." Cf. Cantrell v. State, 507 So.2d 325, 329 (Miss. 1987) (Indictment in prosecution for sexual battery charging that defendant committed the felony of sexual battery by engaging in sexual penetration with victim by engaging in fellatio with victim was not defective because "sexual penetration" includes fellatio.) See also Stephan v. State, 810 P.2d 564, 568 (Alaska Ct. App. 1991).
This Court holds, therefore, that proof of contact, skin to skin, between a person's mouth, lips, or tongue and the genital opening *634 of a woman's body, whether by kissing, licking, or sucking, is sufficient proof of "sexual penetration" through the act of "cunnilingus" within the meaning and purview of § 97-3-97(a) (Supp. 1993). The granting of jury instruction S-4 was not error.

C. Interrogation of a Witness By the Court
Johnson claims the trial judge erred when, after both sides had rested during the sentencing phase of the bifurcated trial, the Court recalled the State's only witness and clarified certain factual data concerning the dates of service of a previous sentence. The judge asked James Graham, custodian of records at the state penitentiary, the dates that Johnson was incarcerated following Johnson's previous conviction for armed robbery. Both parties were given an opportunity to reexamine the witness following the court's brief inquiry. No authority is cited for this proposition.
An assignment of error, unsupported by any authority, "lacks persuasion" on review. Smith v. State, 430 So.2d 406, 407 (Miss. 1983). Supporting assigned errors and issues with reasons and authorities is part of an appellant's burden on appeal. Pate v. State, 419 So.2d 1324, 1325-26 (Miss. 1982). "It is the duty of counsel to make more than an assertion; they should state reasons for their propositions and cite authorities in their support." Johnson v. State, 154 Miss. 512, 513, 122 So. 529, 529 (1929).
In Harris v. State, 386 So.2d 393, 396 (Miss. 1980), Harris assigned as error the overruling of his motion for new trial. This Court held:
There is no merit in this assignment of error. Appellant's 6-line argument presents no facts nor does he cite any authority. In Ramseur v. State, 368 So.2d 842 (Miss. 1979), we said:
"Where assignments of error are unsupported by argument and authority, the court does not, as a general rule, consider them."
Harris, 386 So.2d at 396.
Johnson's abbreviated argument lacks persuasion for this reason if for no other and need not be addressed by this Court.
However, Rule 5.08, Miss.Unif.Crim.R.Cir. Ct.Prac. (1979), states, in its pertinent parts, the following:
When necessary, the judge may interrogate a witness or may interrogate a witness to clarify testimony, but when so doing, must use the utmost impartiality and must not indicate an opinion on the value of the testimony.
In the case at bar, the judge, after being confused by the arguments of counsel with respect to the dates of a prior sentence, sought clarification of that particular issue. Under Rule 5.08 this was within his authority. Moreover, the questioning took place during the sentencing phase of the two stage trial after the jury had already adjudicated Johnson guilty of the substantive offense. Accordingly, there was no jury present to prejudice or influence.
This Court is not persuaded by Johnson's claim that the circuit judge overstepped his bounds as an impartial judge and became an advocate for the State when he sought clarification of Johnson's prior sentence. No abuse of judicial discretion has been demonstrated.

CONCLUSION
This Court affirms Johnson's convictions of sexual battery and recidivism.
CONVICTION OF SEXUAL BATTERY AND SENTENCE OF LIFE IMPRISONMENT AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT PROBATION OR PAROLE AFFIRMED.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, JR., and SMITH, JJ., concur.
NOTES
[1] The names of the victim and her family have been changed to preserve anonymity.