CARLTON, J.,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 34. I respectfully dissent from the majority’s decision to reverse and render the judgment on Count II, sexual battery. I find that sufficient evidence was presented at trial to support a guilty verdict on all counts, including Count II, sexual battery; therefore, I would affirm the judgment of the circuit court. In this dissent, I will address Count II and my disagreement with the majority’s decision to reverse Jenkins’s conviction for the September 19, 2008 sexual battery of Bonnie.
¶ 35. On appeal, Jenkins challenges the circuit judge’s denial of his motion for a JNOV alleging insufficient evidence to support a guilty verdict for sexual battery. Specifically, Jenkins argues that there was no proof of penetration in relation to the September 19, 2008 incident.
¶ 36. When reviewing a motion for a JNOV, which challenges the sufficiency of the evidence presented to the jury, “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed.’” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). All credible evidence supporting the defendant’s guilt will be accepted as true, and the evidence will be considered in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). We must acknowledge that the jury may consider all reasonable inferences from the evidence. Broomfield v. State, 878 So.2d 207, 215 (¶ 31) (Miss.Ct.App.2004). In reviewing the evidence in the light most favorable to the State, I submit that we must affirm as to all counts charged in the indictment. See Poole v. State, 46 So.3d 290, 294 (¶ 25) (Miss.2010) (uncorroborated testimony of a victim of rape is sufficient to support a *172 guilty verdict where the testimony is neither contradicted nor discredited by other evidence or by surrounding circumstances).
¶ 37. As previously stated by the majority, the jury instruction for Count II charged the jury with finding whether, beyond a reasonable doubt, Jenkins “engage[d] in sexual penetration by inserting his hand and/or finger into the genital opening or vagina of [Bonnie].” During direct examination, Bonnie testified that an incident of sexual battery occurred when she and Jenkins left her friend’s party in September 2008. During the car ride home from the party, Bonnie explained that Jenkins put his hand inside her panties and “mov[ed] his hand ... on me.” In her testimony, Bonnie explained that his hand was inside and under her panties. Upon being asked how far Jenkins’s hand went under her panties, Bonnie stated that Jenkins’s hand went to the “top part” of her genitals, and it “didn’t go any farther up inside, just on the outside.” On cross-examination, Bonnie stated that his hand was under her pants. Bonnie further explained on cross-examination that Jenkins had unbuttoned her pants and put his hand under them. She explained that he would “go from one to the other,” which she confirmed meant that his hand would go “from [her] top to [her] bottom.”
¶ 38. On cross-examination, defense counsel asked Bonnie to explain her definition of penetration. Bonnie responded that to her, the word means “anything that enters your body.” The defense counsel asked Bonnie if Jenkins had put his finger or hand inside her vagina during the September 2008 event, and the record reflects that she moved her head in response. The record contains no explanation of her head movements or whether she responded in the affirmative or negative. However, the jury clearly possessed the ability to observe the "witness and her demeanor.
¶ 39. I find that based on the testimony presented at trial, the jury could conclude that Jenkins’s hand penetrated Bonnie’s labia on the night of September 19, 2008, since during the car ride home, Jenkins’s hand was inside of her panties, and moving back and forth “from [her] top to [her] bottom.” Penetration of the labia is sufficient to constitute penetration for the purposes of sexual battery. Johnson v. State, 626 So.2d 631, 633 (Miss.1993). Bonnie’s lack of understanding of the legal definition of penetration in the sexual battery context is of no legal consequence, except as relevant to Bonnie’s understanding of the abuse and the jury’s determination of credibility. In Pierce v. State, 2 So.3d 641, 647 (¶ 29) (Miss.Ct.App.2008), this Court recognized that the supreme court in Johnson, 626 So.2d at 633, found that cunnilingus means “stimulation by tongue or lips of any part of a woman’s genitalia and does not require actual penetration,” but is sufficient to constitute penetration for the purposes of sexual battery. See also Poole, 46 So.3d 290 at 296 (¶¶ 33-36) (recognizing that the United States Court of Appeals for the Fifth Circuit, as well as other jurisdictions, have held that to constitute rape, penetration of the female sexual organ to any particular extent is not required, nor need there be an entering of the vagina — an entering of the vulva or labia is sufficient).
¶ 40. After the close of the evidence, the defense renewed its motion for a directed verdict and the court reaffirmed its position that a prima facie case existed on all counts. In considering the evidence in the light most favorable to the State, as required by our standard of review, I submit that we must affirm the verdict of the jury as to all counts. I find no error in the circuit court’s denial of Jenkins’s motion *173 for a JNOV based on its finding that the State had met its burden of presenting a prima facie case as to the elements of the offenses on all counts. Cf. Thomas v. State, 42 So.3d 528, 537-88 (¶ 31) (Miss.2010) (In determining the sufficiency of the evidence, “the trial judge is required to accept as true all evidence that is favorable to the State, including reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant.”); Clemons v. State, 460 So.2d 835, 839 (Miss.1984). In our appellate review of jury verdicts, we must remember that the jury determines the credibility of witnesses. Hogan v. State, 854 So.2d 497, 502 (¶ 17) (Miss.Ct.App.2003) (quoting Jackson v. State, 614 So.2d 965, 972 (Miss.1993)). As previously noted, in reaching its verdict the jury may draw reasonable inferences from the evidence admitted at trial. Broomfield, 878 So.2d at 215 (¶ 31). Finding that sufficient evidence supports the jury’s verdict convicting Jenkins of sexual battery, I respectfully dissent, and would affirm Jenkins’s conviction as to all counts, including Count II. See Clemons, 460 So.2d at 839.
IRVING, P.J., JOINS THIS OPINION.