CARLTON, J.,
dissenting:
¶24. I respectfully dissent from the majority’s opinion. The majority finds insufficient evidence as to Count II of Ringer’s indictment and reverses and renders as to that count. After finding that the sentences for Counts I and II of Ringer’s indictment were inextricably linked, the majority also reverses the sentence on Count I and remands the matter for resen-tencing on both counts.[3] However, I submit that, when viewing the evidence in the light most favorable to the State, the record reflects sufficient evidence to support Ringer’s convictions for both Counts I and II.[4]
¶ 25. Since the record reflects sufficient evidence to support the jury’s verdict finding Ringer guilty of both Counts I and II, then the majority errs by reversing Count I, reversing and rendering Count II, and remanding the matter for resentencing on both counts.[5] The circuit court therefore committed no error by denying Ringer’s motion for a judgment notwithstanding the verdict. As a result, I would affirm Ringer’s convictions and sentences on both counts. ■
¶ 26. A review of our precedent and the evidence in this case reflects sufficient evidence to support both of Ringer’s convictions. The testimony of the eleven-year-old [6] victim, Abby,[7] supplied sufficient evidence of sexual penetration to support the jury’s verdict as to Count II of Ringer’s indictment. Pursuant to the applicable standard of review, I would therefore affirm both Ringer’s convictions and the circuit court’s judgment since the record contains sufficient evidence to support the convictions.[8] I will now turn to an exami *801 nation of the sufficiency of the evidence supporting Ringer’s conviction on Count II relative to the degree of penetration required to be legally sufficient to support a sexual-battery conviction.
¶ 27. The record reflects that Abby testified as follows on direct examination:
Q. What happened?
A. Someone touched me.
Q. Someone touched you?
A, Yes, ma’am.
Q. Okay. Where did someone touch you?
A. In the back and the front.
Q. Back of what?
A. My butt and my private area.
[[Image here]]
Q. Okay. And you, I think said, you were touched on the back.
A. Yes, ma’am.
Q. What were you being touched with on the back?
A. The private area.
[[Image here]]
Q. Okay. Did you tell [the lady at the police station] that [Ringer] put his fingers in your private parts?
A. Yes, ma’am.
Q. Okay. Did you also tell her that [Ringer] touched [you] in the back?
A. Yes, ma’am.
¶28. On cross examination, Abby further testified:
Q. Okay. Now, when you woke up, you felt fingers inside of you; is that correct?
A. Correct.
Q. And you just felt his penis on your behind?
A. Yes. Yes.
[[Image here]]
Q. Okay. And you told your father that when you woke up, ... Ringer was touching and placing his fingers into your vagina, correct?
A. Correct.
Q. Okay. And you also told your father that [Ringer] put his penis into your vagina, correct?
A. No.
Q. Okay. So you’re saying you did not?
A. I didn’t tell him that [Ringer] stuck the private area into mine. I said that he stuck his private area into my butt.
(Emphasis added).
¶29. Finally, on redirect examination by the State, Abby testified to the following:
Q. Okay. And you heard Ms. Dana asking you about having the private parts stuck in your butt, correct?
A. Correct.
Q. And she was calling that a penis, correct?
A. Correct.
Q. Okay. Noiv, when you were saying that [Ringer] was trying to stick it in your butt, was he trying to stick it where you wipe when you go potty?
A. Yes.

Q. Okay. And is that what you call your butt? &

A. Yes. C
Okay. And when he was trying to stick it on your butt, ivas he getting in between? Do you know what I mean by the crack of your butt? O'

Yes. >

Okay. All right. You have the crack of your butt, correct? ,©

A. Correct.

*802 Q. And you have the place that you have to wipe when you go potty, correct?
A. Correct.
Q. Okay. When you said he was trying to stick his private part in you butt, did he stick it in the crack?
A. Yes.
Q. Okay. And then tried to put it in where you icipe?
A. Correct.
Q. Okay. And he also put his fingers in your front private part?
A. Correct.
Q. Okay. Inside?
A. Correct.
(Emphasis added).
¶30. Thus, Abby’s testimony reflects she testified that Ringer “stuck” his penis in the crack of her butt where she went potty and where she had to wipe when she went potty. She also testified Ringer put his penis “into” the area where she went potty and had to wipe after going potty. On redirect, Abby clearly testified that Ringer stuck his private area into her butt. The nurse examiner also testified that Abby suffered a tear to the back area of her vagina caused by blunt force trauma. The State asserts that the evidence of this vaginal wall trauma inflicted by Ringer from behind Abby provided the jury with physical evidence and logical inferences that corroborated Abby’s testimony and showed that Ringer could have also penetrated Abby’s anus during the sequence of events in which he penetrated her vagina from behind. Moreover, in light of precedent, and in accordance with our standard of review, Abby’s testimony provided legally sufficient evidence of penetration to support Ringer’s convictions on both counts, including the element of sexual penetration.[9]
¶ 31. Mississippi Code Annotated section 97-3-97 (Rev.2014) defines sexual penetration to include the following: “cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person’s body by any part of a person’s body, and insertion of any object into the genital or anal openings of another person’s body.” In Burrows v. State, 961 So.2d 701, 706 (¶13) (Miss.2007), the Mississippi Supreme Court found sufficient evidence to prove penetration where the victim testified the defendant “touched her butts with his ‘daddy spot[,]’ ” and the investigator testified that the victim told him that the defendant “touched the inside of her bottom with his ‘daddy spot.’ ” The evidence alleged in Burrows showed that the victim tested positive for chlamydia, whereas the victim in the present case suffered trauma to her vaginal wall. See id. The Burrows court also found that the defendant used a vibrator on the victim and that the jury could have reasonably inferred that some degree of penetration occurred during the defendant’s use of the device. Id. at (¶17). As the Burrows court acknowledged, Mississippi precedent provides that “[pjenetration, however slight, is sufficient to establish the penetration element of sexual battery.” Id. (citing Johnson v. State, 626 So.2d 631, 633 (Miss.1993)).
¶ 32. Applying precedent to the instant case shows that Abby provided legally sufficient testimony to establish the element of penetration for the crime of sexual battery charged in both Counts I and II of Ringer’s indictment. Also, as asserted by *803 the State, the details of Abby’s testimony were corroborated by the evidence of the trauma to the back of her vaginal wall and by the evidence of DNA on her underwear that was consistent with Ringer’s DNA.[10] Moreover, the record reflects that, while Abby used childlike terms instead of anatomical or medical terms to describe her anus and the penetration, her testimony was consistent and was not impeached.[11]
¶ 33. The weight and credibility of Abby’s testimony was a matter solely for the jury to determine. See Gales v. State, 153 So.3d 632, 648 (¶ 54) (Miss.2014). Based on a review of the record and applicable caselaw, I would affirm Ringer’s convictions and sentences as to both counts charged in the indictment. I therefore respectfully dissent from the majority’s opinion.
LEE, C.J., AND JAMES, J., JOIN THIS OPINION. IRVING, P.J., JOINS THIS OPINION IN PART.

. Both Counts I and II of the indictment charged Ringer with sexual battery in violation of Mississippi Code Annotated section 97 — 3—95(l)(d) (Rev.2006).

. See Johnson v. State, 626 So.2d 631, 632-33 (Miss.1993) (finding that, along with her doctor’s testimony, the victim’s testimony that she felt the defendant’s tongue lick her private parts provided legally sufficient evidence of sexual penetration in a sexual-battery prosecution).

. See Neal v. State, 15 So.3d 388, 409 (¶ 57) (Miss.2009) (recognizing that the standard of review for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt and explaining that an appellate court is not required to ask itself whether it believes the evidence at trial established guilt beyond a reasonable doubt).

. The victim was nine years old at the time of the crimes but eleven years old at the time of the trial.

. As noted in the majority opinion, this Court uses a fictitious name to protect the victim’s identity.

. See Readus v. State, 997 So.2d 941, 944 (¶ 13) (Miss.Ct.App.2008) ("In reviewing whether the evidence supporting a jury verdict is legally sufficient, this Court .... view[s] the evidence in the light most favorable to the prosecution and determine[s] whether a rational juror could have concluded beyond a reasonable doubt that all elements of the crime were satisfied.” (citing Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss. 2005))).

. See Collier v. State, 711 So.2d 458, 462-63 (¶¶ 15-18) (Miss.1998) (finding that a nine-year-old girl’s conduct was consistent with that of a fondling victim and that any inconsistencies in her story were for the jury to consider and failed to render the evidence insufficient), abrogated in part by Dilworth v. State, 909 So.2d 731 (Miss.2005).

. See id. at 462 (¶ 15). See also Goss v. State, 465 So.2d 1079, 1082 (Miss. 1985) (stating that,a victim’s testimony alone, though uncorroborated, is sufficient when consistent with the circumstances).

. See Collier, 711 So.2d at 462 (¶ 15) (“[O]ur case law clearly holds that the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by bther credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime," (citations omitted)).