767 So.2d 242 (2000)
Reginald ODOM, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KM-00520-COA.
Court of Appeals of Mississippi.
April 4, 2000.
Rehearing Denied June 27, 2000.
Certiorari Denied September 21, 2000.
*243 Merrida Coxwell, Jackson, Ian J. McCutchen, Brandon, Attorneys for Appellant.
Office of the Attorney General by Billy L. Gore, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., LEE, MOORE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Reginald Odom was convicted of simple assault in the Claiborne County Circuit Court and was sentenced to serve six months in jail. On appeal Odom assigns the following issues as error
I. THE TRIAL COURT ERRED IN NOT GRANTING JURY INSTRUCTION D-15, AN INSTRUCTION ADOPTED IN THE FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS, WHICH WOULD HAVE ADVISED THE JURY TO EVALUATE THE TESTIMONY OF OTIS O'QUINN WITH CAUTION SINCE HE WAS AN ADMITTED DRUG ADDICT AND ABUSER.
II. THE TRIAL COURT ERRED BY DENYING THE DEFENSE'S RENEWED MOTION FOR DIRECTED VERDICT AT THE CONCLUSION OF THE TESTIMONY AND ITS MOTION JNOV BASED ON THE FAILURE OF THE STATE TO PROVE THE SERIOUS BODILY INJURY ELEMENT OF AGGRAVATED ASSAULT, THUS PRECLUDING THE JURY'S CONSIDERATION OF THE LESSER-INCLUDED-OFFENSE OF SIMPLE ASSAULT UNDER HARRIS v. STATE.

FACTS
¶ 2. On December 19, 1998, outside Henry's Place, a club on Rodney Road in Port Gibson, Mississippi, an altercation occurred. Otis O'Quinn, a forty-three year old resident of Port Gibson, was injured during the fight. O'Quinn testified that he was waiting for some friends outside of the club when the appellant, Reginald Odom, *244 rushed up without any provocation and hit him in the face. O'Quinn positively identified Odom as the assailant and stated that after he fell from the first punch, Odom began kicking him about the face and ribs. O'Quinn testified that he thought he saw something resembling brass knuckles in Odom's hand. O'Quinn testified that although he has had a drug and alcohol problem for years and had admitted himself into an inpatient drug and alcohol rehabilitation center at the time of trial, he was not under the influence at the time of the incident.
¶ 3. O'Quinn had initially been taken to the Claiborne County Hospital for treatment. He was then sent to the University of Mississippi Hospital to run some tests that could not be performed at Claiborne because O'Quinn had a swollen left eye and blood coming out his left ear, which led the doctors to believe he might have a possible skull fracture. Dr. Christopher Paul Piel, the emergency room physician at the University of Mississippi Medical Center in Jackson, examined O'Quinn and ran the required tests. Dr. Piel testified for the defense and stated that none of O'Quinn's injuries turned out to be life threatening. He further testified that there was a note in O'Quinn's records stating there was a smell of alcohol on the patient at the time of his arrival. O'Quinn was released the next morning.
¶ 4. Reggie Odom was arrested some time after the incident, charged and indicted with aggravated assault. The defense requested a directed verdict which the trial judge denied. Odom did not testify. The jury convicted Odom of the lesser-included-charge of simple assault, and the judge sentenced him to six months in jail. Odom now appeals to this Court.

ANALYSIS

I. THE TRIAL COURT ERRED IN NOT GRANTING JURY INSTRUCTION D-15, AN INSTRUCTION ADOPTED IN THE FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS, WHICH WOULD HAVE ADVISED THE JURY TO EVALUATE THE TESTIMONY OF OTIS O'QUINN WITH CAUTION SINCE HE WAS AN ADMITTED DRUG ADDICT AND ABUSER.
¶ 5. Odom argues that the trial court erred in not granting jury instruction D-15 which reads:
The testimony of someone who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.
You should never convict any appellant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.
The defense maintains that the instruction is a cautionary instruction, which is used to caution the jury as to the inherent credibility problems and unreliability of jail-house snitches and accomplices, as well as warning about intrinsic weaknesses of dying declarations.
¶ 6. The State argues, and we agree, that the instruction is an impermissible comment on the weight of the testimony in violation of the statutory prohibition found in Miss.Code Ann. § 99-17-35 (Rev.1994). An instruction should not single out and comment on the weight of evidence. Furthermore, Odom does not cite, and we are unable to find any cases where the Courts of Mississippi have utilized cautionary instructions in this manner. We therefore hold that instruction D-15 was properly refused.

II. THE TRIAL COURT ERRED BY DENYING THE DEFENSE'S RENEWED MOTION FOR DIRECTED VERDICT AT THE CONCLUSION OF THE TESTIMONY AND ITS MOTION JNOV BASED ON THE FAILURE OF THE STATE TO PROVE THE SERIOUS BODILY INJURY ELEMENT OF AGGRAVATED *245 ASSAULT, THUS PRECLUDING THE JURY'S CONSIDERATION OF THE LESSER-INCLUDED-OFFENSE OF SIMPLE ASSAULT UNDER HARRIS v. STATE.

¶ 7. Odom argues that the State did not meet its burden on all the elements and that the case should not have gone to the jury and that his motion for a JNOV should have been granted. More specifically, Odom argues that since the State did not establish serious bodily injury, the jury should not have been able to consider the lesser-included-offense of simple assault because simple assault was an unindicated charge. Odom relies on Harris v. State, 723 So.2d 546 (Miss.1997), to support this argument.
¶ 8. The State argues that simple assault is contained within the four corners of aggravated assault and is therefore a lesser-included offense which does not require an additional count in the indictment. The State also points out that Odom's argument that the trial judge was in error for not granting his motion for a judgment notwithstanding the verdict because the element of serious bodily injury was not proven is flawed since the conviction was for simple assault, which does not require the serious bodily injury element.
¶ 9. The standard of review is clearly settled. Motions for a directed verdict or a judgment notwithstanding the verdict challenge the legal sufficiency of the evidence supporting the guilty verdict. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). When the legal sufficiency of the evidence is challenged, we will not retry the facts but take the view of the evidence most favorable to the State and must assume that the fact finder believed the State's witnesses and disbelieved any contradictory evidence. Id. Thus our scope of review is limited, and we will not reverse unless "reasonable and fair-minded jurors could only find the accused not guilty." Id. (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987)) (emphasis added).
¶ 10. In discussing this issue, we must first address the comparison to the Harris case. The two cases do not bear a resemblance; therefore Harris does not benefit Odom's arguments. The Harris case involved an indicted charge of deliberate design murder on which the trial judge granted a directed verdict of acquittal, and the State proceeded with an unindicted charge of aggravated assault. Harris, 723 So.2d at 546. One essential distinction exists between these two cases. The law in Mississippi is clear that aggravated assault is not a lesser-included-offense of the crime of murder, Scott v. State, 60 Miss. 268 (1882), whereas in many instances simple assault has been deemed a lesser-included-offense of the crime of aggravated assault, Hutchinson, 594 So.2d at 18; Taylor v. State, 577 So.2d 381, 383-84 (Miss. 1991); Robinson v. State, 571 So.2d 275, 276-77 (Miss.1990). Furthermore, Harris explains that "[a] jury's verdict of acquittal on the charged offense protects a defendant from further liability for any lesser offenses necessarily included in the charged offense unless that verdict is accompanied by an indication that the judgment of acquittal did not encompass acquittal of the uncharged lesser included offenses." Harris, 723 So.2d at 548 (emphasis added). Therefore, Harris is not applicable or helpful.
¶ 11. In regard to whether the case should have gone to the jury allowing them to consider a lesser-included-offense, we must look to Miss.Code Ann. § 99-19-5 (Rev.1994), which states:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose. *246 The Mississippi Supreme Court has held this statute to authorize a jury to convict a defendant of an "inferior offense, or other offense" "necessarily included within the more serious offense." Sanders v. State, 479 So.2d 1097, 1105 (Miss.1985). In other words, in order to authorize a lesser-included-offense instruction the more serious offense must include all the elements of the lesser offense, meaning it is impossible to commit the greater without also committing the lesser. Hailey v. State, 537 So.2d 411, 415 (Miss.1988). It is well settled that a lesser-included-offense instruction should be given unless the trial judge determines, by looking at the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser-included-offense, and ultimately not guilty of at least one element of the principal charge. Hutchinson v. State, 594 So.2d 17, 18 (Miss.1992); Harper v. State, 478 So.2d 1017, 1021 (Miss.1985). Whether the lesser-included-offense instruction is allowed also turns on whether there is an evidentiary basis for it. There must be some evidence to support the lesser-included-offense.
¶ 12. Now we must look to the section of the Mississippi Code pertaining to simple and aggravated assault which reads in part:
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and ...
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and ...
Miss.Code Ann. § 97-3-7 (Supp.1994).
¶ 13. Simple assault is clearly contained within aggravated assault, the main difference pertaining to whether serious bodily injury resulted. In the case at bar, granting the lesser-included-offense instruction was proper. Inasmuch as the State presented a witness claiming there was serious bodily injury, and the defense brought forth a witness that the injuries were not serious, there was presented a classic jury question, and the trial judge was proper in not granting a directed verdict on the aggravated assault charge and granting a simple assault instruction. This issue is also without merit.
¶ 14. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT OF CONVICTION OF SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS IN THE CLAIBORNE COUNTY JAIL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.