MAXWELL, J.,
for the Court:
¶ 1. Matthew Rickman was convicted of aggravated assault on a law enforcement officer after he severely beat a jailer with a sock full of bars of soap, then repeatedly kicked the unconscious man, breaking his hip and pelvis. Rickman now appeals challenging the sufficiency of the evidence. Based on video-surveillance footage and Rickman’s in-court admission to beating the jailer, as well as testimony from the victim and that of another witness who discovered the bloody crime scene, we find the evidence indisputably and overwhelmingly supports Rickman’s aggravated-assault conviction. We affirm.
Facts and Procedural History
¶ 2. On February 20, 2012, Rickman was detained in the Millard Correction Center in Pearl River County awaiting trial on several felony charges.[1] While in *985 jail, Rickman deliberately jammed the locking mechanism on his cell with a toothbrush and piece of a t-shirt. When night-shift supervisor Enos Van Amburgh, a corrections officer with the Pearl River County Sheriffs Department, walked past Rick-man’s jail cell, Rickman opened the door and hit Van Amburgh over the head with a long sock containing solid bars of soap. Van Amburgh fell to the ground, losing consciousness, and Rickman continued hitting and kicking him.
¶ 3. On June 14, 2012, Rickman was indicted, as a habitual offender,[2] for aggravated assault on an officer. At trial, which began on January 9, 2013, Captain Butch Raby, the chief of security, testified that when he arrived shortly after the attack, he saw a trail of blood on the floor and blood splattered on the walls and ceilings. Van Amburgh’s left eye was blue and swollen shut. He also had abrasions and scratches on his head and hands and was bleeding from his nose. Photographs confirming Van Amburgh’s injuries and blood loss were admitted into evidence. A jailhouse video capturing the violent assault was also admitted and played for the jury.
¶ 4. Van Amburgh testified at trial. He remembered being taken to the hospital after the assault but was unsure how long the assault lasted because he blacked out after the first blow to his head. His left eye was permanently damaged, his nose was broken, and he had several cuts. While X-rays were negative, he explained an MRI later confirmed he had a fractured hip and pelvic bone. Van Amburgh used crutches for four months and missed five months of work. And he testified to having chronic pain in his right hip and pelvis and suffering from post-traumatic stress disorder after the assault.
¶5. Rickman elected to testify in his defense.[3] He admitted devising a plan to assault Van Amburgh because he did not like the jailer. According to Rickman, he attacked Van Amburgh hoping he would quit his job.
■ ¶ 6. The jury found Rickman guilty of aggravated assault, on a law enforcement officer. After an unsuccessful motion for a judgment notwithstanding the verdict (JNOV) or a new trial, the judge sentenced Rickman, as a habitual offender,[4] to serve thirty years without the possibility of parole.
¶ 7. Rickman now appeals challenging the sufficiency of the evidence supporting his aggravated-assault conviction.
Discussion
I. Sufficiency of the Evidence A. Standard
¶ 8. When assessing the legal sufficiency of evidence, we consider all evidence in the light most favorable to the State. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). Credible evidence consistent with guilt must be accepted as true. Day v. State, 126 So.3d 1011, 1014 (¶ 9) (Miss.Ct.App.2013). We give the State the benefit of all favorable inferences reasonably drawn from the evidence. Jones v. *986 State, 20 So.3d 57, 64 (¶ 16) (Miss.Ct.App. 2009) (citing ■ Hughes v. State, 983 So.2d 270, 275-76 (¶¶ 10-11) (Miss.2008)). And the jury résolves matters of weight and credibility. Day, 126 So.3d at 1014 (¶ 10). Reversal is only proper if reasonable and fair-minded jurors could only find the accused not guilty. Jones, 20 So.3d at 64 (¶ 16).
B.The Assault
¶ 9. To prove aggravated assault on a law ■ enforcement officer, in the manner charged here, the State had to show Rick-man purposefully and knowingly caused serious bodily injury to a law enforcement officer. Miss.Code Ann. § 97 — 3—7(2)(a)(i)— (b)(i) (Supp.2013). We point out that Rick-man does not challenge the fact that he assaulted the jailer. Indeed, he admitted assaulting Van Amburgh, who he also does not dispute was a law enforcement officer under section 97 — 3—7(2)(b).
¶ 10. When explaining his “personal motivations” for attacking the jailer, Rick-man told the jury his “sole purpose” was to “scare [Van Amburgh] enough to make him quit. That’s the whole purpose of the whole incident.” So combining Rickman’s testimony with Van Amburgh’s and the security chiefs and also considering the surveillance video, the fact that Rickman assaulted the jailer is completely undisputed.
C.Serious Bodily Injury
¶ 11. What Rickman does dispute is that the State proved he caused “serious bodily injury” to the jailer — a necessary element when aggravated assault is charged under section 97 — 3—7(2) (a) (i). He insists, because of this failure, he was only guilty of simple assault, which requires proof of mere “bodily injury.” See Miss. Code Ann. § 97-3-7(l)(a)(i).
¶ 12. “Serious bodily injury” has been defined as “bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.” Fleming v. State, 604 So.2d 280, 292 (Miss.1992) (emphasis added)' (quoting Model Penal Code § 210.0 (1980)). Viewing the evidence in the State’s favor, we find Van Amburgh’s bodily injuries certainly qualify as serious.
¶ 13. A surveillance video captured Rickman knocking the jailer unconscious with a makeshift weapon, then repeatedly hitting and kicking him. Photographs show Van Amburgh lost significant blood. Van Amburgh’s left pupil was permanently damaged, his nose was broken, and his hip and pelvic bone were fractured, causing him chronic pain and requiring him to miss five months of work. So there is obviously sufficient evidence of serious bodily injury.
D.Medical Evidence Not Required
¶ 14. While Rickman next suggests reversal is necessary because no medical testimony showed he caused Van Amburgh’s injuries, we emphasize that the State is not statutorily or otherwise required to offer expert or medical evidence to prove aggravated assault. To the contrary, any assault victim or lay witnesses is competent to testify about evidentiary facts within his or her direct knowledge, including descriptions of personal injuries. Denson v. State, 746 So.2d 927, 938 (¶¶ 41-42) (Miss.Ct.App.1999) (quoting Dennis v. Prisock, 221 So.2d 706, 710 (Miss.1969)). And here, Van Amburgh and Raby, who responded and photographed the jailer’s injuries that were admittedly caused by Rickman, described the severity of Van Amburgh’s bodily injuries to the jury. Photographs of the injuries and the video were also admitted. Thus, there was suffi *987 cient evidence before the jury describing the severity of the jailer’s injuries.
II. Weight of the Evidence
¶ 15. Rickman’s last argument contesting the weight of the evidence supporting his conviction is identical to his attack on the sufficiency of the evidence — that there was no proof of “serious bodily injury.”
¶ 16. We will disturb a verdict only in those rare cases where “it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18) (citing Herring v. State, 691 So.2d 948, 957 (Miss. 1997)). When a weight-of-the-evidence argument is made, we weigh the evidence “in the light most favorable to the verdict.” Id.
¶ 17. For the same reasons we determined that the State sufficiently proved serious bodily injury, we likewise find the verdict was not against the weight of the evidence. We affirm.
¶ 18. THE JUDGMENT OF CONVICTION OF AGGRAVATED ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE AS A HABITUAL OFFENDER OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE POSSIBILITY OF PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ„ CONCUR.

. Rickman was jailed pending charges of armed robbery, aggravated assault, and pos *985 session of a firearm by a convicted felon. He was later convicted of all three felonies. During the pendency of this appeal, on January 7, 2014, we handed down an opinion vacating those convictions and remanding the case for a new competency hearing. See Rickman v. State, 129 So.3d 960, 964 (¶ 15) (Miss.Ct.App. 2014). Rickman did not raise his competency as an issue in the present case.

. Rickman’s habitual — offender status was based on the following prior convictions listed in his indictment-escape on April 20, 2001; simple assault on a law enforcement officer on May 24, 2001; and automobile burglary on May 24, 2001.

. He also gave a closing argument.

. See Miss.Code Ann. § 99-19-81 (Rev.2007).