BARNES, J., DISSENTING:
¶ 18. The Mississippi Supreme Court has held: "Instructing the jury on every element of the charged crime is so basic to our system of justice that it should be enforced by reversal in every case where inadequate instructions are given[.]" Shaffer v. State , 740 So.2d 273, 282 (¶ 31) (Miss. 1998).
"Because the State has to prove each element of the crime beyond a reasonable doubt, then the State also has to ensure that the jury is properly instructed with regard to the elements of the crime." Goodin v. State, 977 So.2d 338, 341 [ (¶ 16) ] (Miss. 2008). Accordingly, ... "it is 'fundamental error' to fail to instruct the jury of the essential elements of a crime." Reddix v. State, 731 So.2d 591, 592 [ (¶ 3) ] (Miss. 1999).
Moore v. State , 996 So.2d 756, 760 (¶ 8) (Miss. 2008) (internal citations omitted). Mississippi Code Annotated section 97-3-7(2)(a) (Supp. 2013) required that the State prove Johnson attempted "to cause serious bodily injury to [Amber], or cause[d] such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." The original Jury Instruction D-1 proposed by Johnson, which defined "serious bodily injury," was a proper statement of the law. I find that the State's proposed modification given by the court-adding the phrase "or temporary" in front of the term "disfigurement"-improperly lowered its burden to prove "serious bodily injury."
¶ 19. In Fleming v. State , 604 So.2d 280, 292 (Miss. 1992), the Mississippi Supreme Court defined "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." (Quoting Model Penal Code § 210.0 (1980)). The supreme court reiterated this definition in Yates v. State , 685 So.2d 715, 720 (Miss. 1996), addressing a case of felony child abuse. Subsequently, in Buffington v. State , 824 So.2d 576 (Miss. 2002), the supreme court overruled the Yates definition of "serious bodily injury" strictly in the context of a felony-child-abuse case, finding that "serious bodily harm means 'bodily injury which creates a substantial risk of death, or permanent or temporary disfigurement, or impairment of any function of any bodily organ or function[.]" Id. at 580 (¶ 15) (emphasis added).
*602 The Buffington court explained that "the definition provided in Yates, while appropriate in aggravated [-] assault cases , is highly problematic due to the heightened level of vulnerability inherent in victims of child abuse." Id. (emphasis added). Thus, with regard to aggravated-assault cases, this Court has continued to uphold the Fleming definition of "seriously bodily injury." See Rickman v. State , 150 So.3d 983, 986 (¶ 12) (Miss. Ct. App. 2014) (quoting Fleming in defining "serious bodily injury"). Therefore, the State's requested modification was erroneously based on the precedent involving the definition of "serious bodily injury" in felony-child-abuse cases.
¶ 20. Although acknowledging the definition of "serious bodily injury" in Fleming , the majority affirms Johnson's conviction on the basis that "no reasonable juror could characterize Amber's injuries as less than serious bodily injury," citing several aggravated-assault cases, and finds "any error in the trial court's modification of the jury instruction ... constitutes mere harmless error." I respectfully dissent. The cases cited by the majority-discussing the types of injuries that constitute "serious bodily injury"-concern the sufficiency of the evidence and whether a trial court erred in refusing a lesser-included-offense instruction for simple assault or a defendant's improper instruction of the definition of "seriously bodily injury." They do not involve the court's giving of an erroneous jury instruction on the essential elements of aggravated assault.[6] While the victims in these cases sustained injuries similar to Amber's, unlike the present case, the juries were provided the proper definition of "serious bodily injury." It is the province of the jury to determine whether the victim suffered "serious bodily injury." See Apprendi v. New Jersey , 530 U.S. 466, 477, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (A criminal defendant is entitled to "a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." (quoting United States v. Gaudin , 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) )). As this Court noted in Bright v. State , 986 So.2d 1042, 1047 (¶ 18) (Miss. Ct. App. 2008), "[t]he jury was free to consider the evidence and determine if [the defendant] caused serious bodily injury to [the victim] either by hitting, kicking, or hitting and kicking."
¶ 21. I acknowledge that our supreme court has held: "There is no per se rule requiring automatic reversal whenever jury instructions contain conflicting or potentially confusing explanations of the law. In such cases, we apply traditional harmless-error or plain-error analysis, depending upon whether the defendant objected to the instruction at trial."
*603 Rodgers v. State , 166 So.3d 537, 544 (¶ 14) (Miss. Ct. App. 2014). In the present case, however, the circuit court's modification to Jury Instruction D-1 was not conflicting or confusing; it was an incorrect statement of the law and improperly instructed the jury as to the elements of the crime. Moreover, as the defense offered a proper jury instruction and objected to the giving of the instruction as modified by the trial court, plain-error analysis is also not appropriate.
¶ 22. I find the circuit court's giving of the modified jury instruction constitutes reversible error, and I would remand for a new trial before a properly instructed jury.
FAIR AND WESTBROOKS, JJ., JOIN THIS OPINION.

See Rickman , 150 So.3d at 986 (¶ 13) (finding sufficient evidence that the victims' bodily injuries constituted "serious bodily injury," as defined in Fleming ); Bright v. State , 986 So.2d 1042, 1047-50 (¶¶ 18-30) (Miss. Ct. App. 2008) (finding sufficient evidence existed that victim's injuries were "serious" and lesser-included-offense instruction for simple assault was properly denied); Brown v. State , 934 So.2d 1039, 1043 (¶ 12) (Miss. Ct. App. 2006) (affirming trial court's refusal to grant a lesser-included-offense instruction for simple assault, as no evidence " showed [the victim's] injuries to be less than serious"); see also Fleming , 604 So.2d at 291-92 (finding victim's injuries were "serious," based on definition of "serious bodily injury" from the Model Penal Code, and upholding court's refusal of the defendant's instruction that "serious bodily injury means injuries involving great risk of death"); Harbin v. State , 478 So.2d 796, 799-800 (Miss. 1985) (determining defendant was not entitled to a lesser-included-offense instruction for simple assault, as there was "uncontradicted evidence regarding the nature and extent of [the victim's] injuries," which were "[b]eyond a reasonable doubt ... 'serious bodily injuries' ").